UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | EDCV 16-1201-GW (KKx) | Date | August 8, 2016 |
|---|---|---|---|
| Title | *Amber Terrell v. Brinker International, Inc. et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE |
|---|---|

| Charles A. Rojas | Katie Thibodeaux |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Lawrence W. Freiman | Shaghayegh Balai |

**Proceedings:**     PLAINTIFF'S MOTION TO REMAND [10]

SCHEDULING CONFERENCE

The Court and counsel confer.  Counsel make their appearances.

Court hears oral argument.  The Tentative circulated and attached hereto, is adopted as the Court's Final Ruling.

Plaintiff's Motion to Remand [10] is DENIED.

:    01

Initials of Preparer    CR

*Terrell v. Brinker Int'l, Inc., et al.*, Case No. 5: 16-cv-01201-GW-KK
Tentative Ruling on Motion to Remand

Plaintiff Amber Terrell ("Plaintiff") moves to remand this action she filed against defendants Brinker International, Inc., Brinker Restaurant Corporation, Brinker International Payroll Company, L.P., BIPC Management, LLC and Brinker Services Corporation (collectively "Defendants") in Kern County Superior Court on April 12, 2016. Plaintiff's Complaint and her later-filed First Amended Complaint ("FAC") both contained 21 causes of action. Plaintiff alleges generally that Defendants:

> discriminated against, harassed, and retaliated against [her] on the bases of gender, pregnancy, medical condition/disability, requests to engage in the interactive process and receive reasonable accommodation, requests for pregnancy leave, requests for medical family leave, to avoid engaging in the interactive process and providing medical/family/pregnancy leave/reasonable accommodation, and in retaliation for Plaintiff[']s opposition to and complaints about [the foregoing actions, and her complaints about] and opposition to assault, battery, workplace safety violations, unpaid wages and overtime, failure to relieve for meal/rest breaks, and failure to reimburse business expenses.

*See* FAC ¶ 7. More specifically, Plaintiff alleges that Defendants' manager grabbed "her by the arm and dragged [her] into the kitchen," resulting in a severe bruise, severe embarrassment, and humiliation. *See id.* ¶ 10.

Defendants removed the case to this Court on June 8, 2016, asserting the existence of federal jurisdiction under 28 U.S.C. § 1332, requiring complete diversity and more than $75,000 in controversy. Plaintiff's motion targets Defendants' assertions relating to the amount in controversy. It does not challenge the allegation in the Notice of Removal that the parties are completely diverse. *See* Notice of Removal ¶¶ 13-18.

Because the FAC did not, on its face, reveal the amount of money at stake in the litigation, Defendants have the burden of demonstrating the existence of the amount in controversy by a preponderance of the evidence. *See, e.g., Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090-91 (9th Cir. 2003). Here, Defendants' Notice of Removal explains that $2,400 is at issue in connection with Plaintiff's Private Attorney General Act claim (an assertion that Plaintiff does not appear to contest) and that, based on Plaintiff's average earnings during her final three full years of employment, she could

1

obtain $11,320 in backpay (covering 20 weeks) and approximately $29,645 for one year of front pay. *See* Notice of Removal ¶¶ 29-30; Collas Decl. (Docket No. 13-2), ¶ 2. The Court agrees with Plaintiff that Defendants' assumptions about the number of missed meal periods, missed rest periods, number of hours of unpaid minimum wages, number of hours of unpaid overtime and number of deficient wage statements have not been shown to be reasonable, as opposed to speculative. *See* Notice of Removal ¶ 31; *see also Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197-98 (9th Cir. 2015). However, even without those amounts, given the aforementioned calculations at least $43,365 ($2,400 + $11,320 + $29,645) is at issue.

On top of that, of course, comes Plaintiff's allegations that she has suffered and continues to suffer humiliation, emotional distress and mental pain and anguish, *see* FAC ¶¶ 27, 34, 39, 44, 49, 54, 60, 65, 70, 103, 108, 113, 118; her request for attorney's fees; and her request for punitive damages. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 946 (9th Cir. 2001) (noting that potential for punitive damages may still be considered for purposes of amount in controversy even where plaintiff has not explicitly requested such damages); *Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982) ("[A]ttorney's fees can be taken into account in determining the amount in controversy if a statute authorizes fees to a successful litigant."). Those three forms of recovery would have to total less than $32,000 for the jurisdictional minimum to be satisfied here. This Court is experienced enough in litigation of this type to know that emotional distress damages, attorney's fees and punitive damages, combined, can easily exceed $32,000. Further still, Plaintiff has claims for unreimbursed business expenses and battery, which Defendants have not even attempted to quantify, seeing no need to do so here. The Court agrees with Defendants here; they have done enough, under a preponderance standard, to demonstrate that the jurisdictional minimum is satisfied.

In doing so, the Court rejects Plaintiff's argument that it should only take into account the attorney's fees that have been incurred up to the point of removal. While it is true that there is no binding precedent on this question, *see* Schwarzer, Tashima, et al., California Practice Guide: Federal Civil Procedure Before Trial (2016) § 2:1759, at 2C-83 – 84, every other amount that a court is supposed to consider in calculating the amount in controversy is pegged to the amount that a plaintiff might recover at *the end* of the

2

litigation, having prevailed in it. Though both sides have cited district court decisions standing for the proposition that "the better view" is the view that favors their argument on this motion, in this Court's opinion – and in the absence of guidance from the Ninth Circuit – "the better view" is that adopted by courts which have included the *total* likely amount of attorney's fees one could expect in the type of litigation in question.

The Court also rejects Plaintiff's argument that it was incumbent upon Defendants, in their Notice of Removal, to provide documentary evidence such as payroll records supporting their contentions about her earnings. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014); *Ibarra*, 775 F.3d at 1197 ("But '[e]vidence establishing the amount is required' where, as here, defendant's assertion of the amount in controversy is contested by plaintiffs. 'In such a case, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied.'… The parties may submit evidence outside the complaint, including affidavits or declarations, or other 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'") (omitting internal citations) (quoting *Dart*, 135 S.Ct. at 554 and *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)).

For the foregoing reasons, the Court concludes that Defendants have met their preponderance burden with respect to the amount-in-controversy. It therefore denies the motion to remand.